IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DELOS NAVIGATION CORP. | * | |
| | * | |
| | * | |
| VERSUS | * | |
| | * | CIVIL ACTION NO: 2:26-cv-02397 |
| STK LINE SA, *in personam*, EAGLE | * | Admiralty Fed. R. Civ. P. 9(h) |
| SHIP MANAGEMENT LLC, *in personam*, | * | |
| & the M/V TSUNOMINE BULKER, *in rem* | * | JUDGE PAPILLON |
| | * | |
| | * | MAGISTRATE CURRAULT |

*************************************

**VERIFIED COMPLAINT IN INTERVENTION**

NOW INTO COURT, through undersigned counsel, come Plaintiffs-in-Intervention, Archer-Daniels-Midland Company d/b/a ADM Grain ("ADM"), American River Transportation Co., LLC ("ARTCO"), ADM Grain River System, Inc. ("AGRS"), and Agrinational Insurance Company ("Agrinational") and file their Verified Complaint in Intervention against STK Line SA and Eagle Ship Management, *in personam*, and the M/V TSUNOMINE BULKER, her engines, tackle, equipment, appurtenances, etc., *in rem*. In support thereof, ADM and ARTCO would respectfully show unto the Court as follows:

**I. JURISDICTION AND VENUE**

1.

This is a suit for a maritime tort and a maritime lien within the admiralty and maritime jurisdiction of the United States and this Honorable Court in accordance with 28 U.S.C. §1331, Rule 9(h) of the Federal Rules of Civil Procedure, Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and 46 U.S.C. § 31301 *et seq.*

2.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Louisiana and a substantial part of the property that is the subject of the action is situated in the Eastern District of Louisiana. Additionally, the vessel M/V TSUNOMINE BULKER ("TSUNOMINE BULKER") is currently or will be within the Eastern District of Louisiana. Further, venue is proper under 28 U.S.C. § 1391(b)(2), as Defendant STK Line SA cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims; however, on information and belief, assets of Defendant STK Line SA are or will be within the pendency of this suit within this District, to-wit: the M/V TSUNOMINE BULKER, IMO 1014280.

## II. PARTIES

3.

ADM is a corporation organized under the laws of the state of Delaware with its principal place of business located in the state of Illinois. At all relevant times, ADM was and is the owner/operator of the floating barge rig GEMINI ("GEMINI") and the ADM Ama grain terminal and dock located on the right descending bank of the Lower Mississippi River at or near Mile Marker 117.6. ADM is and was also the employer of certain persons aboard the GEMINI on the night of October 14, 2026.

4.

ARTCO is a limited liability company formed pursuant to the laws of the state of Delaware with its principal place of business located in the state of Illinois. At all relevant times, ARTCO was the owner and operator of barge ART 33128.

5.

AGRS is a corporation organized under the laws of the state of Delaware with its principal place of business located in the state of Illinois. At all relevant times, AGRS is and was also the employer of certain persons aboard the GEMINI on the night of October 14, 2026.

6.

Agrinational is an insurance company organized under the law of the state of Vermont with its principal place of business located in Vermont. At all relevant times, Agrinational was the insurer of ADM, the GEMINI, and ADM's Ama dock.

7.

Defendant, TSUNOMINE BULKER, *in rem*, is a bulk carrier flying under the flag of Panama, bearing IMO # 01014280, and measuring approximately 183 meters in length and 32 meters in breadth. TSUNOMINE BULKER is currently within the Eastern District of Louisiana and currently within the jurisdiction of this Honorable Court.

8.

Upon information and belief, Defendant, STK Line SA, is the owner of the TSUNOMINE BULKER, and has a business address of Mediterranean Shipping Co. Srl Via Francesco Ciampa 29, 80063, Piano di Sorrento NA, Italy. STK Line SA is not found within this District and without a valid agent for service of process in this District; however, on information and belief, Defendant STK Line SA and/or their related, affiliated or alter ego companies have property, goods, chattels, or credits and effects that will be during the pendency of this litigation found within the jurisdiction of this Honorable Court and subject to non-resident attachment, to-wit: the M/V TSUNOMINE BULKER, IMO 1014280. Plaintiff therefore requests process attaching the M/V TSUNOMINE

BULKER, IMO 1014280, and other property of Defendant STK Line SA pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims.

9.

Upon information and belief, Defendant, Eagle Ship Management LLC is the manager of the TSUNOMINE BULKER and has a business address of Shinkawa Musashiya Building, 1-chome-2-10, Shinkawa, Chuo-ku, Tokyo, 104-0033 Japan.

## III. FACTS

10.

On the evening of October 14, 2026, the M/V UNION TAYLOR ("UNION TAYLOR") was berthed at the dock at ADM's Ama grain facility. While the ship was berthed at the dock, the GEMINI was alongside the UNION TAYLOR performing cargo operations. The barge ART 33128 was tied alongside the GEMINI during cargo operations.

11.

At approximately 2135 hours on October 14, 2026, while cargo operations on the UNION TAYLOR were ongoing, the TSUNOMINE BULKER was proceeding upriver, when suddenly and without warning the TSUNOMINE BULKER allided with the GEMINI, ART 33128, and the UNION TAYLOR.

12.

At the time of the allision, the TSUNOMINE BULKER was attempting to proceed to berth at ARTCO's mid-stream buoys located at or near Mile Marker 121 on the Lower Mississippi River. Before this, the master of the TSUNOMINE BULKER had signed a berth application which formed a contract with ARTCO and incorporated the terms of ARTCO's Published Ship Mooring and Related Fees and Rules ("ARTCO's Tariff"). Per ARTCO's Tariff, the TSUNOMINE

BULKER was subject to liquidated damages for every hour or fraction thereof for its failure to timely come within a reasonable time after being called to the berth. Because of the allision, the TSUNOMINE BULKER's arrival at ARTCO's mid-stream buoys was delayed more than 24 hours.

13.

As a result of this allision, the TSUNOMINE BULKER caused significant damages to the GEMINI, the dock at ADM's Ama grain terminal, and ART 33128. Additionally, as a result of this allision, ADM and/or AGRS employees on the GEMINI have alleged personal injuries, which potentially exposes ADM and/or AGRS to claims for benefits under the Longshore and Harbor Workers' Compensation Act and/or other personal injury damages. ADM has also suffered and will suffer loss of use damages and other economic and incidental damages as a result of the GEMINI, ART 33128, and the ADM Ama dock being out of operation while undergoing repairs. ARTCO is further entitled to liquidated damages per its contract with the TSUNOMINE BULKER and its owners/operators/managers for the ship's failure to timely come to ARTCO's berth once called.

## IV. CLAIMS

14.

The TSUNOMINE BULKER is liable for ADM and ARTCO's damages, which resulted from and were caused by the negligent acts, omissions, and/or unseaworthiness of the TSUNOMINE BULKER, its officers, pilot, crew, agent, representatives, and/or employees. These negligent acts, omissions, and/or unseaworthiness of the TSUNOMINE BULKER include, without limitation, the following:

a. Failure of the master and/or pilot and/or those in charge of the TSUNOMINE BULKER to operate the ship in a reasonable and careful manner;

b. Failure of the master and/or pilot and/or those in charge of the TSUNOMINE BULKER to take necessary precautions required by the ordinary practice of seamen, or by the special circumstances of the case, to safely maneuver and navigate the ship;

c. Failure of the master and/or pilot and/or those in charge of the TSUNOMINE BULKER to exercise due care in the performance of their duties;

d. Failure of the master and/or pilot and/or those in charge of the TSUNOMINE BULKER to exercise reasonable care in monitoring the surrounding conditions and traffic;

e. Failure of the master and/or pilot and/or those in charge of the TSUNOMINE BULKER to maintain a safe speed for the prevailing circumstances and conditions;

f. Failure of the master and/or pilot and/or those in charge of the TSUNOMINE BULKER to keep a proper lookout;

g. Failure of owners/operators/managers of the TSUNOMINE BULKER to provide adequate training of the master and crew of the TSUNOMINE BULKER;

h. Failure of the master and/or pilot and/or those in charge of the TSUNOMINE BULKER to comply with the inland navigation rules and other statutes and regulations intended to prevent collisions and allisions;

i. Failure of the master and/or pilot and/or those in charge of the TSUNOMINE BULKER to navigate consistent with good seamanship;

j. Failure of the master and/or pilot and/or those in charge of the TSUNOMINE BULKER to comply with local navigation custom and/or usage;

k. Failure of or failure to maintain and/or utilize the TSUNOMINE BULKER's propulsion system;

l. Failure of or failure to maintain and/or utilize the TSUNOMINE BULKER's steering system;

m. Failure of or failure to maintain and/or utilize the TSUNOMINE BULKER's engine system;

n. Failure of or failure to maintain and/or utilize the TSUNOMINE BULKER's navigation aids;

o. Failure to properly man, equip, and supply the TSUNOMINE BULKER;

p. Improper navigation of the master and/or pilot and/or those in charge of the TSUNOMINE BULKER; and

q. All such other unseaworthiness of the M/V TSUNOMINE BULKER and negligence of her master, officers, and crew which will be established at trial.

15.

Each of the foregoing negligent acts or omissions or unseaworthiness proximately caused the incident and ARTCO's and ADM's damages, and the TSUNOMINE BULKER is liable for these acts or omissions or unseaworthiness.

16.

Under admiralty and maritime law of the United States of America, the fault or neglect of the master and/or pilot and/or those in charge of the TSUNOMINE BULKER in causing the damage alleged is imputed to the vessel.

17.

Each of the TSUNOMINE BULKER's negligent acts, omissions, and/or unseaworthiness was the proximate cause of the actual, incidental, and consequential damages to ADM, ARTCO, AGRS, and Agrinational. Those damages include, but are not limited to, repair/replacement costs, response costs, survey and inspection costs, business interruption, loss of use, loss of profits, loss of business opportunity, exposure to claims for benefits under the Longshore and Harbor Workers' Compensation Act and/or other personal injury damages, liquidated damages for failure of the TSUNOMINE BULKER to come to ARTCO's berth to unload when called, and other damages associated with the allision between the TSUNOMINE BULKER and the property of ADM and ARTCO. At present, the damages of ADM, ARTCO, AGRS, and Agrinational are estimated to be in excess of $50,000,000.

18.

The aforementioned incident and damages resulting from the incident were in no way caused or contributed to by the fault or negligence of ADM, ARTCO, AGRS, or Agrinational, but were caused by the fault or neglect of the master and/or pilot and/or owner/operators/managers and/or those in charge of the TSUNOMINE BULKER.

19.

At all material times, ADM, ARTCO, AGRS, and Agrinational have mitigated their damages in a commercially reasonable manner.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, ADM, ARTCO, AGRS, and Agrinational respectfully request and pray for the following:

a) That process in due form of law, according to the practice of this Honorable Court in causes of admiralty and maritime jurisdiction pursuant to Rules B, C, and E of the Supplemental

Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, may issue against M/V TSUNOMINE BULKER, her engines, tackle, equipment, appurtenances, etc. *in rem*, and that all persons owning or claiming any interests in the vessel may be cited to appear and answer the matters aforesaid, and M/V TSUNOMINE BULKER, her engines, tackle, equipment, appurtenances, etc. shall be seized and may be condemned and sold to pay the demand of ADM and ARTCO aforesaid, together with interest, fees, and costs.

b) That a Rule C lien be declared to be valid and subsisting upon M/V TSUNOMINE BULKER, her engines, tackle, equipment, appurtenances, etc. and prior and superior to the interests, liens, and claims of any and all persons, firms, or corporations whatsoever;

c) Process of maritime attachment under Rule B issue against Defendant STK Line SA, *in personam*, and its property in the district, to-wit: M/V TSUNOMINE BULKER, IMO 1014280 and that Defendant STK Line SA be adjudged liable to Plaintiff in the full amount of Plaintiff's claim, plus legal and contractual interest (pre-judgment and post-judgment), costs, court costs, Marshal's fees, custodia legis, and attorneys' fees as allowed by contract;

d) The M/V TSUNOMINE BULKER, IMO 1014280 and all other property of Defendant STK Line SA within this District be attached and/or garnished pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims for writ of attachment or garnishment in the full amount of Plaintiff's claim plus legal and contractual interest (pre-judgment and post-judgment), costs, court costs, Marshal's fees, custodia legis, and attorneys' fees as allowed by contract, all pursuant to writ of attachment and/or garnishment as authorized or permitted by the Federal Rules of Civil Procedure and the laws and statutes of the State of Louisiana;

e) That judgment be issued against the M/V TSUNOMINE BULKER, her engines, tackle, equipment, appurtenances, etc., *in rem*, and in the full amount demanded under this Complaint, as it may be amended, plus interest, charges, the cost of seizure, and custodian expenses, other costs and attorney's fees, as well as any and all other amounts required to be paid to ADM, ARTCO, AGRS, and Agrinational as a result of their damages described above;

f) That in due course, the M/V TSUNOMINE BULKER, her engines, tackle, equipment, appurtenances, etc. be ordered to be sold and that the proceeds of the sale be applied to the amounts owed to ADM, ARTCO, AGRS, and Agrinational; and

g) That ADM, ARTCO, AGRS, and Agrinational have such other and further relief as in law and admiralty both *in rem* and *in personam* against the TSUNOMINE BULKER and its owners, operators, and/or managers to which they may be entitled to recover.

Respectfully Submitted,

SIMON, PERAGINE, SMITH & REDFEARN, LLP

*/s/Kevin M. Frey*
MARCELLE P. MOULEDOUX (#30339)
KEVIN M. FREY (#35133)
TAYLOR LOMBARDO WILLIS (#39260)
1100 Poydras Street, Suite 3000
New Orleans, Louisiana 70163
Phone: (504) 569-2030
Fax: (504) 569-2999
marcellem@spsr-law.com
kevinf@spsr-law.com
taylorw@spsr-law.com

**ATTORNEYS FOR ARCHER-DANIELS-MIDLAND COMPANY, AMERICAN RIVER TRANSPORTATION CO., LLC, ADM GRAIN RIVER SYSTEM, INC. & AGRINATIONAL INSURANCE COMPANY**

**PLEASE SERVE AND ARREST:**

1. **M/V TSUNOMINE BULKER** whenever found within the jurisdiction of the Eastern District of Louisiana, with the Verified Complaint.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DELOS NAVIGATIO CORP. | * | |
| | * | |
| | * | |
| VERSUS | * | |
| | * | CIVIL ACTION NO: 2:26-cv-02397 |
| STK LINE SA, *in personam*, EAGLE SHIP MANAGEMENT LLC, *in personam*, & the M/V TSUNOMINE BULKER, *in rem* | * | Admiralty Fed. R. Civ. P. 9(h) |
| | * | JUDGE PAPILLON |
| | * | |
| | * | MAGISTRATE CURRAULT |

*********************************

**VERIFICATION**

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, THE UNDERSIGNED AUTHORITY, personally came and appeared KEVIN M. FREY, who, after being duly sworn, did say,

> I am an attorney representing Plaintiffs in Intervention, Archer Daniels Midland Company, American River Transportation Co., LLC, ADM Grain River System, Inc., and Agrinational Insurance Company, in this matter and that the information set forth in this Complaint in Intervention is true and correct based upon information provided by my clients and documentation supplied to me and grounds exist for the arrest the M/V TSUNOMINE BULKER and maritime attachment and garnishment of property of the above-referenced Defendants pursuant to Rule B and C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

KEVIN M. FREY

SWORN AND SUBSCRIBED BEFORE ME, NOTARY, THIS 21st DAY OF OCTOBER 2026.

NOTARY PUBLIC

TAYLOR L. WILLIS
NOTARY ID # 170049
BAR # 39260
PARISH OF ORLEANS
MY COMMISSION IS ISSUED FOR LIFE